IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEPHANIE LAMARR,<br><br>Plaintiff,<br><br>vs.<br><br>FALLON STANTON,<br><br>Defendant. | Cause No. CV 26-109-BU-SPW<br><br>ORDER |

Plaintiff Stephanie Lamarr has filed a 42 U.S.C. § 1983 Complaint and a motion to proceed in forma pauperis. (Docs. 1 and 2.) The motion is granted. The Complaint fails to state a claim upon which relief can be granted. The Complaint is dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

LaMarr has moved to proceed in forma pauperis. She declares that she has insufficient financial resources to pay the filing fee or costs in this matter. (Doc. 1.) LaMarr's motion is granted.

## II. STATEMENT OF THE CASE

### A. Parties

Plaintiff Stephanie LaMarr names Lewis and Clark County Deputy County

Attorney Fallon Stanton as the sole defendant. (Doc. 2 at 2.) (LaMarr names Monica Geller in the "Parties" section of her Complaint, but not in the caption. (Doc. 2 at 2.) The Complaint does not otherwise allege any conduct that appears to be attributable to Monica Geller, who is also, apparently, a defendant in another lawsuit LaMarr has filed. For the purposes of this screening, the Court interprets the mention of Geller to be an error.)

**B. Allegations**

LaMarr alleges that Defendant Stanton violated her rights by misusing her information "to initiate felony charges against Plaintiff's caregiver." (Doc. 2 at 1.) Lamarr's allegations relate to other cases filed in state court, one of which Lamarr was not a party to, but her information was used in the case. (Doc. 2 at 3 - 5.) LaMarr's most detailed allegations relate to an affidavit Stanton filed in a criminal case filed against a third party. (Doc. 2 at 6 - 15.) In that case, Defendant Stanton filed various information that LaMarr considers private, and LaMarr asserts that information was irrelevant to that case and portrays LaMarr in a negative light. LaMarr characterizes Defendant's affidavit as not objective but "a retaliatory narrative." (Doc. 2 at 7.) LaMarr's Complaint includes over forty pages of allegations related to the content of the affidavit filed by Defendant.

LaMarr asserts eleven claims: Count I First Amendment retaliation; Count II Interference with First Amendment Right to Petition; Count III Fourteenth

Amendment Privacy Violation; Count IV Stigma-Plus Defamation; Count V Misuse of Judicial Records; Count VI Abuse of Process; Count VII Invasion of Privacy; Count VIII Disclosure of Confidential Medical Information; Count IX Interference with Disability-Related Caregiving Relationship; Count X Intentional Infliction of Emotion Distress; and Count XI Negligent Infliction of Emotional Distress. (Doc. 2 at 25 - 43.)

LaMarr requests declaratory and injunctive relief and various forms of monetary damages. (Doc. 2 at 44 - 48.)

**III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915**

LaMarr is proceeding in forma pauperis so the Court must review her Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**A. Defendant Stanton has prosecutorial immunity**

Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors

are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. "Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body[.]" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th Cir. 2012). This includes filing motions, even if the motion includes errors of fact.

When a prosecutor acts as a witness by filing an affidavit, immunity may not cover that act. LaMarr has not filed a copy of the alleged affidavit, so it is impossible to know whether Defendant's motion contained the inflammatory language that LaMarr complains of, or whether the affidavit is merely attesting to the accuracy of attached documents, etc. Without the document itself, despite LaMarr's allegations, it is impossible to determine whether Stanton is immune on LaMarr's claims. As pled, Stanton is immune.

**B. LaMarr fails to state a claim**

Section 1983 confers a federal tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under [Section] 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted). Under this standard, LaMarr has failed to state a claim upon which relief can be granted.

1. First Amendment retaliation

To state a First Amendment retaliation claim, LaMarr must plausibly allege that (1) she was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (citing *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016)).

To ultimately "prevail on such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.' " *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). LaMarr must show that the defendant's retaliatory animus was "a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* (quoting *Hartman*, 547 U.S. at 260).

In this case, LaMarr has failed to allege plausible facts to state at least the third element. She alleges that her private information has been improperly used in

a criminal action against another party. LaMarr contends that Stanton's actions in the case against the third party were "undertaken in response" to LaMarr's activities and "intended to discredit Plaintiff, undermine her credibility, and retaliate against her." (Doc. 2 at 26.) However, these allegations do not plausibly state a claim, because LaMarr cannot show why using information to file charges against someone else is retaliation against her for her exercise of her First Amendment rights. She fails to state a claim for First Amendment retaliation.

2. Interference with First Amendment Right to Petition

LaMarr alleges that Stanton has interfered with her ability to petition the government by filing an affidavit in a separate action, against a separate party. Setting aside the illogic of this assertion, LaMarr fails to allege the elements required to state a claim. To state a denial of access claim, LaMarr must identify the following in her complaint: (1) a non-frivolous, arguable underlying claim, whether anticipated or lost; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

LaMarr has failed to allege plausible facts to show such a claim. She vaguely asserts that she has filed various claims and complaints, but she does not identify any viable underlying claim that has been thwarted. Nor does she show how Stanton's filing of an affidavit in a case that has nothing to do with LaMarr

could interfere with her own filings. She fails to allege facts to show that she cannot continue to pursue any legitimate claims in court. LaMarr fails to state a claim.

3. Fourteenth Amendment Privacy Violation

LaMarr asserts she has a privacy interest in various forms of information, including medical and disability information, "sealed affidavits," and personal caregiving details. (Doc. 2 at 28.) Not all "private" information is constitutionally protected. *In re Crawford,* 194 F.3d 954, 958–959 (9th Cir.1999) (recognizing informational privacy as a constitutionally protected interest but one that is not absolute). LaMarr characterizes the affidavit as referring to Plaintiff's disability, medical conditions, professional background, and personal life. (Doc. 2 at 6.) This is information that perhaps nobody wants put into a public record, but it is not necessarily protected private information. While medical information may usually be protected, LaMarr's allegations do not explain how the information was acquired, other than that it was filed in "various judicial proceedings"; to the extent LaMarr disclosed her own information in various filings, she cannot now complaint that others have referred to it. She has not alleged facts to show that Stanton somehow got the information improperly. LaMarr fails to state a claim for a constitutional violation of her privacy.

4. Stigma-Plus Defamation; Misuse of Judicial Records; Abuse of

Process; Invasion of Privacy; Disclosure of Confidential Medical Information; Interference with Disability-Related Caregiving Relationship; Intentional Infliction of Emotion Distress; and Negligent Infliction of Emotional Distress.

LaMarr's remaining claims are all state law claims and not federal constitutional claims. Having determined that LaMarr fails to state a federal claim for relief, the Court declines to exercise its jurisdiction over LaMarr's state law claims. 28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

LaMarr fails to state a claim against Defendant Stanton. Title 28 U.S.C. § 1915 requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court concludes that amendment would be futile. Therefore, the Complaint must be dismissed.

Accordingly, it is HEREBY ORDERED:

1. LaMarr's motion to proceed in forma pauperis is GRANTED. (Doc. 1.)

2. LaMarr's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 28th day of October, 2026.

Susan P. Watters

Susan P. Watters, District Judge
United States District Court